VEGA V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-299-CR

ELIAS VEGA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Elias Vega was indicted for intentionally or knowingly possessing cocaine of 400 grams or more with intent to deliver.  The indictment also included a deadly weapon allegation.  Appellant pled guilty, the jury assessed his punishment at seventy years’ confinement a $250,000 fine, and the trial court sentenced him accordingly.  In one point, appellant complains that the trial court abused its discretion by denying his motion for new trial because the punishment was cruel and unusual.  We affirm.

We review the trial court’s decision to grant or deny a motion for new trial under an abuse of discretion standard.  
Salazar v. State
, 38 S.W.3d 141, 148 (Tex. Crim. App.), 
cert. denied
, 534 U.S. 855 (2001).  We must not substitute our judgment for that of the trial court; rather, we review the trial court’s decision to determine whether it was unreasonable or arbitrary.  
Id
.   

Appellant does not allege that the assessed punishment was outside the statutory range provided by the legislature.  Instead, appellant asserts that the punishment was cruel and unusual because he did not try to escape or use a gun during the arrest, the State originally offered him a ten-year sentence as a plea bargain, he was only twenty-six years old, and the State did not introduce evidence of other bad acts.
(footnote: 2) 

At the punishment hearing, the State established that appellant had been arrested with two pistols, $15,000 in cash, and nine kilograms of cocaine worth at least $135,000.  Appellant did not present any character witnesses or other mitigating evidence at the hearing.  

Appellant argues that his seventy-year sentence, which is within the maximum amount prescribed by law for this particular felony,
(footnote: 3) is grossly disproportionate to the offense committed, thus violating the constitutional prohibition against cruel and unusual punishment under the United States and Texas Constitutions.  
See 
U.S. Const
 amend. VIII; 
Tex. Const.
 art. I, § 13.  Comparing
 the gravity of appellant’s offense to the severity of his sentence,
(footnote: 4) however, and noting that appellant’s sentence is within the statutorily prescribed limits,
(footnote: 5) we hold that the trial court could have reasonably found that appellant’s sentence was not grossly disproportionate to the offense committed.  
See Salazar
, 38 S.W.3d at 148.  
Accordingly, we overrule appellant’s sole point.

Having overruled appellant’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL B: LIVINGSTON, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:   November 30, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
The State asserts that appellant’s timely motion for new trial did not include sufficient facts supporting his claim that the punishment was cruel and unusual, and that appellant’s amended motion for new trial was filed late.  We agree that appellant did not timely file his amended motion for new trial because he filed it thirty-eight days after the sentence was imposed.  
See 
Tex. R. App. P.
 21.4(b) (stating that motions for new trial and amended motions for new trial must be filed within thirty days of the defendant’s sentencing).  However, appellant’s original motion adequately stated the ground for a new trial—namely, the punishment was cruel and unusual.  
See 
Tex. R. App. P.
 33.1(a)(1)(A);
 Gillenwaters v. State
, No. PD-1443-05, 2006 WL 2741553, at *2 (Tex. Crim. App. Sep. 27, 2006) (holding that a defendant’s motion for new trial is specific enough to put the court on notice of a claim if any reasonable trial judge would have understood the motion).  

3:
See
 
Tex. Health & Safety Code Ann. § 481.1121(
a
), (
b
)(4) (
Vernon
 2003).  
The range of punishment for this offense is not less than fifteen years or more than ninety-nine years with a fine not to exceed $250,000.  
Id. 
 

4:
See 
Moore v. State
, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. ref’d) (adopting 
McGruder
 proportionality analysis to address Eighth Amendment proportionality claims); 
see also
 
McGruder v. Puckett
, 954 F.2d 313, 316 (5th Cir.), 
cert. denied
, 506 U.S. 849 (1992) (adopting the proportionality analysis urged by Justice Kennedy in his concurrence in 
Harmelin v. Michigan
, 501 U.S. 957, 1004-05, 111 S. Ct. 2680, 2706-07 (1991) (Kennedy, J., concurring)
).
 

5:
See Jordan v. State
, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973) (holding punishment assessed within the statutorily prescribed range not cruel, unusual, or excessive); 
Baldridge v. State
, 77 S.W.3d 890, 893 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d) (“It has long been recognized that if the punishment assessed is within the range of punishment established by the Legislature under its constitutional authority, there is no violation of the state constitutional provisions against cruel and unusual punishment.”).