Affirmed and Memorandum Opinion filed December 9, 2008








Affirmed and Memorandum Opinion filed December 9, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00999-CR

____________

 

ANDREW WILSON MCDONALD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 209th
District Court

Harris County, Texas

Trial Court Cause No. 1089994

 



 

M E M O R A N D U M   O P I N I O N

Appellant Andrew Wilson McDonald pleaded guilty and received
life imprisonment for aggravated sexual assault, enhanced with two prior felony
convictions.  On appeal, appellant contends that the trial judge violated his
constitutional rights to due process and due course of law by reviewing his
presentence investigation (PSI) report before finding appellant guilty. 
Appellant also challenges his punishment as unconstitutionally cruel and
unusual.  We affirm.








I.  Background

Appellant pleaded guilty to aggravated sexual assault on an
elderly individual after receiving admonishments from the trial court,
including an admonishment that the punishment for a habitual offender was
imprisonment either for life or for a term ranging from twenty-five to
ninety-nine years.  The trial court waived a formal finding of guilt and
recessed the proceedings pending a PSI report.  Appellant did not object to the
trial court reviewing the PSI report at that time, nor did he object at
punishment after the trial judge stated he had read the report.      

After the trial judge reviewed the PSI report, a punishment
hearing was conducted.  The elderly victim testified that she feared for her
life during the assault, which took place in her home.  She also stated she
still experiences feelings of fear and would feel safer if the judge imposed a
lengthy prison sentence.  After closing arguments, the trial court made a
formal finding of guilt and sentenced appellant to life imprisonment. 
Appellant did not object to the punishment at that time.  In four issues,
appellant now contends the trial court=s review of the
report after appellant=s guilty plea but before making a formal
finding of guilt violated his rights to due process and due course of law and
the sentence imposed constituted cruel and unusual punishment under the Federal
and Texas Constitutions.

II.  Analysis








In his first two issues, appellant asserts the trial court=s review of the
PSI report prior to formally finding him guilty violated his due process and
due course of law rights under the Federal and Texas Constitutions.  U.S. Const. amends. V, XIV; Tex. Const. art. I, ' 19; see
Baldridge v. State, 77 S.W.3d 890, 892 (Tex. App.CHouston [14th
Dist.] 2002, pet. ref=d) (trial court=s review of PSI
report prior to guilt determination generally violates due process and due
course of law rights).  Appellant admits he failed to object to the trial court=s review of the
PSI report, but contends that no objection was required because the error was
fundamental and unwaivable.  As authority for this proposition appellant cites
two cases from the Court of Criminal Appeals, State ex rel. Turner v.
McDonald, 676 S.W.2d 375 (Tex. Crim. App. 1984), and State ex rel. Bryan
v. McDonald, 662 S.W.2d 5, 7 (Tex. Crim. App. 1983).  However, while the
Court of Criminal Appeals did not address whether preservation of these
complaints was required in the McDonald cases, it has since made clear
that due process and due course of law violations are waived when a defendant
fails to assert them in the trial court.  See Cockrell v. State, 933
S.W.2d 73, 88B89 (Tex. Crim. App. 1996) (preservation requires
timely objection); Curry v. State, 910 S.W.2d 490, 496 (Tex. Crim. App.
1995) (en banc) (finding due process and due course of law complaints were not
preserved for review absent timely, specific objection).  Accordingly, we
conclude that appellant waived his first two issues by not making a specific,
timely objections in the trial court.

Even if appellant had preserved these complaints for our
review, they are without merit.  We have previously held that where (as here)
the defendant has pleaded guilty, signed a judicial confession, and stipulated
to evidence of guilt, the trial judge may review a PSI report before entering a
finding of guilt.  Baldridge, 77 S.W.3d at 892.  We therefore overrule
appellant=s first two issues.

In his third and fourth issues, appellant contends that the
life sentence assessed by the trial court violated his freedom from cruel and
unusual punishment under the Federal and Texas Constitutions.  U.S. Const. amend. VIII;  Tex. Const. art. I, ' 13.  Complaints
regarding violation of these constitutional rights are waivable.  See
Mercado v. State, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) (en banc)
(appellant could not assert error regarding sentencing without raising that
error in the trial court); Nicholas v. State, 56 S.W.3d 760, 768 (Tex.
App.CHouston [14th
Dist.] 2001, pet. ref=d) (freedom from cruel and unusual
punishment under both the Texas and Federal Constitutions waived by
non-preservation in the trial court).  Prior to sentencing, appellant requested
leniency and argued that the minimum sentence under the punishment range would
be tantamount to a life sentence.  However, appellant never objected to the sentence
as violating his constitutional rights at the time it was announced, nor did he
do so in a post-trial motion.  Therefore, we conclude that appellant waived his
third and fourth issues by failing to preserve error.








As with the first two issues, had appellant preserved these
complaints for review, he still would not prevail.  A sentence assessed by a
trial judge is not cruel and unusual under the Texas Constitution when, as in
this case, it is within the statutory range.  Baldridge, 77 S.W.3d at
893B94.  As appellant
acknowledged when he pleaded guilty, the statutory range for the charged
offense was imprisonment for life or for any term between twenty-five and
ninety-nine years.  The life sentence imposed by the trial judge was within
this range.  Moreover, appellant=s challenge under
the Federal Constitution fails because the punishment imposed is not
disproportionate to the crime committed.  See id. at 893.  A punishment
is grossly disproportionate in violation of the federal constitutional
protection against cruel and unusual punishment when the sentence is shown to
be extreme based on an objective comparison of the gravity of the offense with
the severity of the sentence.  Id.  Here, appellant (a habitual
offender) sexually assaulted an elderly victim in her home, putting her in fear
for her life and causing her lasting uneasiness.  Under these circumstances, we
cannot say that life imprisonment is grossly disproportionate to appellant=s crime.  Because
the sentence is not grossly disproportionate, further analysis of this issue is
unnecessary.  See id.  For these reasons, we overrule appellant=s third and fourth
issues.

Having overruled all of appellant=s issues, we
affirm the trial court=s judgment.

 

/s/      Leslie B. Yates

Justice

 

 

Judgment rendered
and Memorandum Opinion filed December 9, 2008.

Panel consists of
Justices Yates, Seymore, and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).