Affirmed and Memorandum Opinion filed May 19, 2009








Affirmed
and Memorandum Opinion filed May 19, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00427-CR

_______________

 

MITCHELL EUGENE BARNES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 337th District Court

Harris County, Texas

Trial Court Cause No. 1147227

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Appellant
Mitchell Eugene Barnes pleaded guilty, without an agreed sentencing
recommendation from the State, to the felony offense of burglary of a
habitation.  He also pleaded true to an enhancement paragraph that alleged he
had a prior felony conviction.  The trial court sentenced appellant to twenty
years= confinement.  In a single issue,
appellant asserts that trial court erred by assessing a punishment Agrossly disproportionate@ to the crime committed.  We affirm.








I.  Background

Appellant
signed the following waiver, stipulation, and judicial confession:

In open
court and prior to entering my plea, I waive the right of trial by jury.  I
also waive the appearance, confrontation, and cross-examination of witnesses,
and my right against self-incrimination.  The charges against me allege that in
Harris County, Texas, MITCHELL EUGENE BARNES, hereinafter styled the Defendant,
heretofore on or about DECEMBER 26, 2007, did then and there unlawfully, with
intent to commit theft, enter a habitation owned by [the Complainant], a person
having a greater right to possession of the habitation than the Defendant . . .
without the effective consent of the Complainant, namely, without any consent
of any kind.

Before the
commission of the offense alleged above, on APRIL 23, 2003, in Cause No. 943242
in the 183RD DISTRICT COURT of HARRIS County, Texas, the Defendant was
convicted of the felony of POSSESSION OF A FIREARM BY A FELON.

. . .

I
understand the above allegations and I confess that they are true and that the
acts alleged above were committed on December 26, 2007.

Appellant signed and
initialed an admonishments form, which designated the range of punishment for a
first degree felony as Aa term of life or any term of not more than 99 years or less
than 5 years confinement in the Institutional Division of the Texas Department
of Criminal Justice and, in addition, a possible fine not to exceed $10,000.00.@  Appellant also waived the making of
a reporter=s record of the proceedings.  

The
trial court sentenced appellant to twenty years= confinement in the Texas Department
of Criminal Justice, Institutional Division.  No post-trial motions were
filed.  This appeal timely ensued.








II.  Analysis

In his
only issue, appellant contends that the twenty-year sentence assessed by the
trial court violated his freedom from cruel and unusual punishment under the
federal and state constitutions.  U.S.
Const. amend. VIII; Tex. Const. art.
I, ' 13.  We first note that complaints
regarding violation of these constitutional rights are waivable.  See
Mercado v. State, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) (en banc)
(stating that appellant could not assert error regarding sentencing on appeal
without raising that error in the trial court); Nicholas v. State, 56
S.W.3d 760, 768 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d) (holding that freedom from cruel
and unusual punishment under both the Texas and federal constitutions may be
waived by failing to object in the trial court).  Here, no reporter=s record from the punishment hearing
was made because appellant waived his right to have such a record made.  Thus,
our record does not reflect that appellant objected to the sentence as
violating his constitutional rights when his sentence was pronounced, nor did
he object in a post-trial motion.  Accordingly, appellant has waived this issue
by failing to preserve error.








Even if
appellant had preserved this complaint for review, however, he still would not
prevail.  A sentence assessed by a trial judge is not cruel and unusual under
the Texas constitution when, as here, it is within the statutory range.  Baldridge
v. State, 77 S.W.3d 890, 893B94 (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d).  Ordinarily, burglary of a
habitation is classified as a second-degree felony, punishable by a sentence of
two to twenty years= confinement.  See Tex.
Penal Code Ann. '' 12.33, 30.02(a), (c) (Vernon 2003).  But a defendant charged
with a second‑degree felony, such as burglary of a habitation, who is
shown to have been once before convicted of a felony, is subject to the range
of punishment for a first‑degree felony.  See id. ' 12.42(b) (Vernon Supp. 2008). As
appellant acknowledged when he pleaded guilty, the statutory punishment range
for the charged offense, elevated by his prior felony conviction, was
imprisonment for life or for any term between five and ninety‑nine
years.  See id. ' 12.32(a) (Vernon 2003). The twenty-year sentence imposed by
the trial judge was within this range; indeed, it is at the lower-end of the
statutorily-authorized range and even within the range authorized for a second-degree
felony.  See id. ' 12.33(a). 

Appellant=s challenge under the federal
constitution also fails because the punishment imposed is not disproportionate
to the crime committed. See Baldridge, 77 S.W.3d at 893. A punishment is
grossly disproportionate in violation of the federal constitutional protection
against cruel and unusual punishment when the sentence is shown to be extreme
based on an objective comparison of the gravity of the offense with the
severity of the sentence.  Id.  Texas courts have concluded that a
lengthy prison sentence for the offense of burglary does not raise an inference
of gross disproportionality.  See, e.g., Castaneda v. State, 135
S.W.3d 719, 724B25 (Tex. App.CDallas 2003, no pet.) (concluding that thirty-year sentence
for third degree felony offense of burglary of vehicle, enhanced by two prior
felony convictions, was not grossly disproportionate under federal
constitution);  Sullivan v. State, 975 S.W.2d 755, 757B58 (Tex. App.CCorpus Christi 1998, no pet.) (noting
that five-year sentence imposed on first-time offender for burglary of
habitation was well-below maximum term of imprisonment permitted and was not
grossly disproportionate to offense).  Further, appellant has failed to cite a
single case in which an appellate court has concluded that a twenty-year
sentence for burglary of a habitation violated an appellant=s Eighth Amendment rights.[1]









In sum,
appellant has not preserved this issue for our review.  Moreover, the
punishment assessed by the trial court is within the statutorily-permitted range
of punishment.  Finally, he provides no facts, argument, or analysis regarding
a comparison of the gravity of his offense with the severity of his sentence,
nor has he cited a single case in which a twenty-year sentence for burglary of
a habitation has been determined to be grossly disproportionate to the
offense.  Under these circumstances, we overrule appellant=s sole issue.

III.  Conclusion

Having
overruled appellant=s only issue on appeal, we affirm the trial court=s judgment.

 

 

 

/s/        Eva M. Guzman

Justice

 

Panel consists of Justices Yates,
Guzman, and Sullivan.

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]  Instead, appellant asserts that his punishment is
cruel and unusual because he Asaved the court
the time and expense of a jury trial by freely admitting to his guilt@ and Aspared the
victim the time, expense, and embarrassment of having to confront@ him by testifying at trial.  Yet appellant cites no
cases where these considerations have factored into an Eighth Amendment
analysis.  Instead, courts focus first on whether the sentence imposed is
grossly disproportionate to the harm caused by and culpability of the
offender.  See, e.g., Culton v. State, 95 S.W.3d 401, 403 (Tex.
App.CHouston [1st Dist.] 2002, pet. ref=d); Baldridge, 77 S.W.3d at 893B94.  Then, if we determine that the sentence is
grossly disproportionate to the offense, we next consider whether the sentence
is comparable to (a) those received for similar crimes in the same jurisdiction
and (b) those received for similar crimes in other jurisdictions.  Baldridge,
77 S.W.3d at 893.  Here, appellant provides no analysis or authority whatsoever
regarding sentences in this or any other jurisdiction.