Clyde Taylor **BALDRIDGE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–01–00583–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

April 25, 2002.

---

Jay T. Karahan, Houston, for appellant.

Donald W. Rogers, Jr., Houston, for appellee.

Panel consists of Chief Justice BRISTER and Justices ANDERSON and FROST.

## OPINION

JOHN S. ANDERSON, Justice.

Appellant, Clyde Taylor Baldridge, was charged by indictment with intoxication manslaughter. Appellant pleaded guilty without a recommendation, and was sentenced by the trial court to fifteen years' confinement in the Texas Department of Criminal Justice, Institutional Division. We affirm.

## ISSUES ON APPEAL

Appellant asserts two errors by the trial court justify reversing his conviction: (1) reviewing appellant's presentence report prior to formally finding him guilty, and (2) assessing punishment at fifteen years' confinement. Facts will be recited herein as necessary for resolution of appellant's points of error.

## PRESENTENCE REPORT

On February 13, 2001, appellant signed and filed a judicial confession and stipulation of facts, filed an application for community supervision, and entered a plea of guilty to the indictment. On that date, the trial court ordered a presentence investigation, and set the next hearing for April 12, 2001, at which time the trial court found appellant guilty and pronounced sentence.

■ In his first and second points of error, appellant contends his conviction is void under the United States and Texas Constitutions because the trial court reviewed appellant's presentence investigation report prior to formally entering a finding of guilt. *See* U.S. CONST. amend. V, XIV; TEX. CONST. art. I., § 19. The general rule is that it is violative of the United States and Texas Constitutions for the trial court to review a presentence investigation report prior to a determination of guilt. *State ex rel. Bryan v. McDonald*, 662 S.W.2d 5, 7 (Tex.Crim.App. 1983).

■ However, in *Blalock v. State*, this Court held a defendant's constitutional rights were not violated where there was no evidence the judge considered the presentence investigation report until the defendant pleaded no contest, signed a judicial confession, and stipulated to the evidence of his guilt. 728 S.W.2d 135, 138–39 (Tex.App.-Houston [14th Dist.] 1987, pet. ref'd). The facts in our case are analogous to those in *Blalock*. There is no evidence the trial court considered the presentence investigation report until appellant had pleaded guilty, signed a judicial confession, and stipulated to evidence of his guilt. Indeed, that would have been impossible because the trial court did not order the presentence report until appellant had pleaded guilty. Appellant's constitutional rights were not violated, and his conviction is therefore not void. *See id.* We overrule appellant's first and second points of error.

## PUNISHMENT

In his third and fourth points of error, appellant contends the trial court commit-

ted reversible error in assessing punishment at fifteen years' confinement in violation of his rights against cruel and unusual punishment under the United States and Texas Constitutions because the sentence was disproportionate to the offense committed. *See* U.S. CONST. amend. VIII, XIV; TEX. CONST. art. I., § 13.

### United States Constitution

 The Eighth Amendment, which is applicable to the states by virtue of the Fourteenth Amendment, has been recognized as encompassing a narrow proportionality principle. *Robinson v. California*, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). In *Weems v. United States*, 217 U.S. 349, 371, 30 S.Ct. 544, 54 L.Ed. 793 (1910), the Eighth Amendment was interpreted as prohibiting greatly disproportionate sentences. The most extensive application of the proportionality principle has been in death penalty cases. *Enmund v. Florida*, 458 U.S. 782, 797–802, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982); *Coker v. Georgia*, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977). However, it has also been applied to non-capital cases. *Rummel v. Estelle*, 445 U.S. 263, 271–274, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980); *see also Hutto v. Davis*, 454 U.S. 370, 374, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982). Thus, under the United States Constitution, a state criminal sentence must be proportionate to the crime for which the defendant has been convicted. The Supreme Court has stated that "although a sentence may be within the range permitted by statute, it may nonetheless run afoul of the Eighth Amendment prohibition against cruel and usual punishment." *Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Punishment will be grossly disproportionate to a crime only when an objective comparison of the gravity of the offense against the severity of the sentence reveals the sentence to be ex-

treme. *Harmelin v. Michigan*, 501 U.S. 957, 1004–06, 111 S.Ct. 2680, 115 L.Ed.2d 836 (Kennedy, J., plurality op.). Only if we infer that the sentence is grossly disproportionate to the offense, will we then consider the remaining factors of the *Solem* test and compare the sentence received to (1) sentences for similar crimes in the same jurisdiction, and (2) sentences for the same crime in other jurisdictions. *Id.*

 Complainant, a tow truck driver, was stopped on the side of the road with his overhead lights on when appellant's van swerved and struck him. After hitting complainant, appellant continued to drive, made a U-turn and drove slowly past the scene, but did not stop. Witnesses chased appellant's van at speeds close to 100 miles per hour. Complainant was pronounced dead at the hospital. Appellant admitted that he had been drinking earlier in the day, but blamed the accident on falling asleep. At the time of sentencing, appellant had a criminal record for assaults and family violence. Appellant was sentenced to fifteen years' confinement.

Appellant submits that he was twenty-nine years old at the time of the hearing, he was financially supporting seven children, and he expressed sincere remorse for causing complainant's death. We find nothing compelling about these facts that would allow us to conclude that the sentence appellant received is grossly disproportionate to his crime, and therefore, we need not reach the *Solem* factors.

### Texas Constitution

 It has long been recognized that if the punishment assessed is within the range of punishment established by the Legislature under its constitutional authority, there is no violation of the state constitutional provisions against cruel and unusual punishment. *Puga v. State*, 916 S.W.2d 547, 550 (Tex.App.-San Antonio

1996, no pet.) (citations omitted). Appellant concedes that the trial court's punishment assessment is within the limits prescribed by law, but nevertheless urges that "under the unique facts of this case" the resulting punishment is unconstitutional. *See* TEX. PEN.CODE ANN. §§ 49.08, 12.33 (Vernon Supp.2002 & Vernon 1994). Neither by argument nor authority has appellant established that the provisions of the Texas Constitution offer broader or greater protection than the Eighth Amendment of the United States Constitution. Accordingly, nothing is presented for review. *See Puga*, 916 S.W.2d at 550 (citations omitted).

We overrule appellant's third and fourth points of error.

### CONCLUSION

We overrule appellant's points of error, and affirm his conviction.