Affirmed and Opinion filed _____________, 2002
















Affirmed and Memorandum
Opinion filed May 22, 2003.                                                     

 

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00682-CR

NO. 14-02-00683-CR  

____________

 

WILLIAM KEITH
POSTON, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the 183rd District Court

                                                           Harris
 County, Texas                       

Trial Court Cause
Nos. 894,623 and 893,949




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



M E M O R
A N D U M   O P I N I O N

            After appellant pleaded guilty to robbery and
aggravated robbery, the trial court assessed concurrent 15-year sentences for each
crime.  In his sole point of error,
appellant contends his sentences constitute cruel and unusual punishment
because they are disproportionate to the offenses.  The facts of this appeal are known to the
parties, so we do not recite them here. 
Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion.  See Tex. R. App. P. 47.1.  We affirm.

            To
preserve error for appellate review, a defendant must object at trial.  See Tex. R. App. P. 33.1.  Because appellant did not object at the time
of sentencing or in a post-trial motion that his sentence was cruel and
unusual, he has waived any error. See Idowu v. State, 73 S.W.3d 918, 921 n.9 (Tex. Crim. App. 2002); Nicholas v. State, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d).  

            The
outcome would be the same even assuming he properly preserved error.  A criminal sentence may be cruel and
unusual even if it falls within the range permitted by statute.  See Solem v. Helm, 463 U.S.
277, 290, 103 S.Ct. 3001, 77
L.Ed.2d 637 (1983).  But only if
the sentence is grossly disproportionate to the gravity of the offense
(considering the threat or harm to the victim or society and the culpability of
the offender) must we compare it with sentences for similar crimes in the same
or other jurisdictions.  See Baldridge v.
State, 77 S.W.3d 890, 893 (Tex.App.—Houston
[14th Dist.] 2002, pet. ref’d); Culton v. State, 95 S.W.3d 401, 403 (Tex.App.—Houston
[1st Dist.] 2002, no pet.).  

            We do not think a 15-year
sentence was grossly disproportionate to appellant’s crimes here.  In the first of his two robberies, he and his
co-defendant assaulted two men at a convenience store, punching and kicking
them, and stole a bicycle belonging to one of them.  In the second robbery, he hijacked an
automobile at gunpoint.  He also had
previous convictions for driving while intoxicated (twice), driving while his license
was suspended, and unlawfully carrying a weapon.  Under these facts, we do not agree that the
sentences imposed were grossly disproportionate to the offenses.  See Baldridge, 77 S.W.3d at 93.   The
judgment is affirmed.

 

                                                            /s/        Scott Brister

                                                                        Chief
Justice

Judgment
rendered and Memorandum Opinion filed May
 22, 2003.

Panel
consists of Chief Justice Brister and Justices Fowler and Frost.

Do
Not Publish — Tex. R.
App. P. 47.2(b).