Affirmed and Memorandum Opinion filed August 1, 2006














Affirmed and Memorandum
Opinion filed August 1, 2006.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00618-CR

____________

 

FREDERICK CRUMBLEY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

 




On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause No. 1,001,437

 

 

 

 

M E M O R
A N D U M   O P I N I O N

           
Appellant Frederick Crumbley was found guilty by a
jury of burglary of a building with intent to commit theft.  The trial court
assessed appellant’s punishment, enhanced by two prior convictions, at ten
years’ confinement in the Texas Department of Criminal Justice, Institutional
Division.  We affirm. 

On
appeal, appellant raises the following issues:  (1) the evidence is legally
and factually insufficient to show that appellant, as a principal, entered the
building; (2) the evidence is legally and factually insufficient to show that
appellant, under the law of parties, committed any act with the intent to
promote the alleged offense; and (3) appellant’s sentence of ten years’
confinement violates the federal and state constitutional protections against
cruel and unusual punishment.  

Factual
and Procedural Background

           
Shortly after midnight on September 20, 2004, Officer R. Gannon of the Houston
Police Department was dispatched to Junior’s Wheel FX, a retail wheel and tire
business located on Uvalde Street in Harris County, Texas.  When Officer
Gannon arrived, he saw that the gate to the business had been smashed in, the
building’s garage door had been rammed and torn off, and a black Ford Explorer
was backed up to the building where the garage door had been.  Several
wheel rims were loaded into the back of the Explorer.  As he approached,
Officer Gannon saw two men, one of whom was appellant.  One man ran into
the wheel shop, while appellant ran around to the side of the building in
between the building and a fence.  Officer Gannon ran around the other
side of the fence in an effort to intercept appellant.  Appellant did not
obey Officer Gannon’s commands to stop; he instead ran into a stack of
tires.  Officer Gannon climbed over the fence and caught appellant in the
stack of tires and brought him back out.  When the officer apprehended
appellant, they were inside the fenced-in area.  Appellant told Officer
Gannon that a third person was involved, but no other suspects were located
during a search of the area.

           
Officer J. B. Colburn, another officer who arrived just after Officer Gannon,
saw the events unfold from a different vantage point.  As he arrived, he
saw the two men standing at the back of Explorer underneath the overhang of the
wheel shop.  According to Officer Colburn, he could see that the men, one
of whom he identified as appellant, were “actually inside the building,
directly behind the Ford Explorer.”  Officer Colburn pursued and caught
the man who ran into the building.  A third officer, Officer C. Bailey,
also responded to the call at the wheel shop.  He too saw the Explorer backed
up to the business and saw Officer Gannon chase after and eventually apprehend
appellant.  Officer Bailey then assisted Officer Colburn in arresting the
other man inside the building, who was later identified as Jakhar
Amos.  

           
At trial, Officers Gannon, Colburn, and Bailey testified for the State. 
Edgar Ramirez, the owner of the business, also testified.  He described
the damage to his building and testified that several rims had been
taken.  He also testified that he did not know appellant and had never given
him, or anyone else, permission to enter the building or take any rims.

           
Appellant testified in his defense.  He testified that he was walking
toward the wheel shop on the way to his home and saw the officers there. 
When Officer Gannon approached him, he was not on the premises of the wheel
shop.  Appellant stated that when he started to walk away from the
officer, a struggle involving the three testifying officers and another officer
ensued.  According to appellant, the officers struck him several times
and, at one point, kicked him in the eye before they were able to handcuff
him.  Appellant denied ever being in the back of the Ford Explorer or
inside the garage door area of the business, and denied committing the charged
offense.  

           
On cross-examination, appellant could not recall speaking to another officer,
Officer Robinson, or telling him that he had been acting as a lookout.  In
rebuttal, the State called Officer Robinson, who testified that he questioned
appellant about the burglary.  According Officer Robinson, appellant
refused to give a written statement, but did say that he was at the wheel shop
acting as a lookout.

           
The jury charge authorized the jury to find appellant guilty as a principal or
as a party to the offense committed by Jakhar
Amos.  After being so charged, the jury returned a general verdict finding
appellant guilty of burglary. 

Analysis
of Appellant’s Issues

I.       
The Legal and Factual Sufficiency of the Evidence that Appellant, as a Principal,
Entered the Building

           
A.     
Standards of Review

           
In a legal sufficiency challenge, we employ the familiar standard of viewing
the evidence in the light most favorable to the verdict.  King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App.
2000).  If any rational trier of fact
could have found the essential elements of the offense beyond a reasonable
doubt, we will affirm.  Id. 


           
We also employ familiar standards of review to analyze a factual sufficiency
challenge:  reviewing all of the evidence to determine whether the jury
was “rationally justified in finding guilt beyond a reasonable doubt.”  Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App.
2004).  We view the evidence in a neutral light, without the prism
of the light most favorable to the verdict.  Id. at 481.  The evidence may be factually insufficient in
one of two ways:  (1) though legally sufficient, it may be too weak to
support a finding of guilt beyond a reasonable doubt; and (2) when balanced
against the evidence supporting the verdict, the contrary evidence may be so
strong that the beyond-a-reasonable-doubt standard could not have been
met.  Id. at 484–85.  As an appellate court, we defer to the
jury’s role as fact finder, particularly in areas of witness credibility,
demeanor, and the weight to be given conflicting testimony.  Id. at
481 (“Deference is given to the jury verdict, as well as to determinations
involving the credibility and demeanor of witnesses.”); Johnson v. State,
23 S.W.3d 1, 8 (Tex. Crim. App. 2000) (“Unless the
available record clearly reveals a different result is appropriate, an
appellate court must defer to the jury’s determination concerning what weight
to give contradictory testimonial evidence because resolution often turns on an
evaluation of credibility and demeanor, and those jurors were in attendance
when the testimony was delivered.”).  

         
B.      Analysis of Appellant’s Arguments

           
When, as here, the trial court’s charge authorizes the jury to convict the
defendant as a primary actor or as a party, the jury returns a general verdict,
and the evidence is sufficient to support a guilty finding under any of the
allegations submitted, the verdict will be upheld.  See
Rabbani v. State, 847 S.W.2d 555, 558 (Tex. Crim. App. 1992); Barnes v. State, 62 S.W.3d 288,
299 (Tex. App.—Austin 2001, pet. ref’d).        


A person
commits the offense of burglary of a building if, without the effective consent
of the owner, the person enters a building, or any portion of a building, not
then open to the public, with intent to commit a felony, theft, or an
assault.  See Tex. Pen. Code § 30.02(a)(1). 
In his first and second issues, appellant contends the evidence is legally and
factually insufficient to show that he, as a principal, entered the
building.  Specifically, appellant argues the record contains no evidence
that he ever entered the building.  According to appellant, Officer Gannon
observed him outside of the building and merely speculated that he might have
been inside, and Officers Colburn and Bailey only saw him outside the
building.  Appellant also argues that no testimony or other evidence links
him to the rims found inside the Ford Explorer.  We disagree with
appellant’s characterization of the record.

           
While Officers Gannon and Bailey only saw appellant outside the building,
Officer Colburn testified that he saw appellant from a different vantage
point.  He testified that appellant and the other suspect “were actually
inside the building, directly behind the Ford Explorer.”  Officer Colburn
further testified that the Explorer was “up against the building” and would
have been touching the garage door had it not been pushed in, and, therefore,
in order get behind the Explorer, it was necessary to enter the building. 
Viewing the evidence in the light most favorable to the verdict, we conclude it
is legally sufficient to support appellant’s conviction as a principal.  See
King, 29 S.W.3d at 562.  The only contrary
evidence presented was appellant’s testimony.  The jury, as fact finder,
could have chosen to believe the testimony of Officer Colburn over appellant’s
testimony.  We defer to the jury in areas of witness credibility,
demeanor, and the weight to be given conflicting testimony.  See Zuniga,
144 S.W.3d at 481; Johnson, 23 S.W.3d at
8.  Considering all of the evidence in a neutral light, including the
testimony and the physical evidence at the scene, we also conclude the evidence
is factually sufficient to support appellant’s conviction.  See Zuniga,
144 S.W.3d at 484–85. 

           
We therefore overrule appellant’s first and second issues.

II.      
The Legal and Factual Sufficiency of the Evidence that Appellant, Under the Law
of Parties, Committed Any Act with the Intent to Promote the Alleged Offense

           
In his third and fourth issues, appellant contends the evidence is legally and
factually insufficient, under the law of parties, to prove that he committed
any act with the intent to promote the alleged offense.  We apply the same
standard of review discussed above to appellant’s contentions.

           
A person is criminally responsible as a party to an offense if the offense is
committed by the conduct of another for which he is criminally
responsible.  Tex. Pen. Code
§ 7.01(a).  A person is criminally responsible for an
offense committed by the conduct of another if, acting with intent to promote
or assist the commission of the offense, he solicits, encourages, directs,
aids, or attempts to aid the other person to commit the offense.  Tex. Pen. Code
§ 7.02(a)(2).  Appellant contends there is no
convincing evidence that he acted with the intent to aid, assist, or encourage
another to commit the alleged offense of burglary.  Specifically, he
argues that Officer Gannon’s testimony that he first observed appellant behind
the Ford Explorer is not credible if appellant was allegedly acting as a
lookout, and appellant’s testimony that he was walking down the street when the
police first approached him and was never near the building was more credible
than the other testimony presented at trial.  Additionally, appellant
again argues that the record fails to establish that he ever actually entered
the building.  At best, appellant contends, the evidence only shows that
appellant knew that an offense was being committed on the property.  We
disagree.

           
Appellant does not dispute that the building was broken into and that Amos was
arrested inside the building.  One officer saw appellant inside the
building, and the other two officers who did not see him inside saw him
directly outside the building.  Appellant ran when he saw the
police.  When appellant was apprehended, he informed the police that a
third individual was involved.  Appellant later told Officer Robinson that
he was acting as a lookout.  This evidence is legally sufficient to
demonstrate appellant’s intent to aid, assist, or encourage another to commit
the burglary.  Although appellant contends his contrary testimony was more
credible than that of the officers, we reiterate that the credibility of the
witnesses and the weight to be given conflicting testimony is the jury’s
responsibility, and we defer to the jury’s resolution of conflicts in the
evidence.  On this record, we find that the evidence is both legally and
factually sufficient to support a finding that appellant was guilty of burglary
as a party.  

           
We overrule appellant’s third and fourth issues.

III.      Whether Appellant’s Sentence
Violates Federal and State Constitutional Protections Against Cruel and Unusual
Sentences

           
In his fifth and sixth issues, appellant contends the trial court erred in
assessing appellant’s punishment, enhanced with two prior felonies, at ten
years’ confinement because the sentence violates his federal and state constitutional
rights against cruel and unusual punishment.  See U.S. Const. amends. VIII,
XIV; Tex. Const. art. I, § 13; see also Tex. Code Crim. Proc. art. 1.09. 
Appellant acknowledges that his sentence is within the statutory range, but
argues that the sentence is unconstitutionally disproportionate because of the
appellant’s limited participation in the alleged offense.  The State
responds that appellant has not preserved his complaint, and, alternatively,
that the sentence is not cruel and unusual.  We agree.

           
Appellant did not object to the sentence as violating his constitutional rights
at the time it was announced.  Nor did he raise these arguments in a
post-trial motion.  The constitutional right to be free from cruel and
unusual punishment may be waived, as here.  See Rhoades v. State,
934 S.W.2d 113, 120 (Tex. Crim. App. 1996); Curry
v. State, 910 S.W.2d 490, 497 (Tex. Crim. App.
1995); Nicholas v. State, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d).  Therefore, the arguments are not preserved
for review.  

Moreover,
because appellant’s sentence fell within the statutory range, and because the
record lacks any evidence of disparity between it and other sentences levied in
like crimes, appellant’s punishment is not disproportionate and does not
violate the federal and state constitutional prohibitions of cruel and unusual
punishment.  See Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Cooks v. State, 5 S.W.3d 292,
298–99 (Tex. App.—Houston [14th Dist.] 1999, no pet.); see also Solem v. Helm, 463 U.S.
277, 291–92 (1983); Baldridge v. State,
77 S.W.3d 890, 893 (Tex. App.—Houston
[14th Dist.] 2002, pet. ref’d).  We overrule
appellant’s fifth and sixth issues.

Conclusion

           
We affirm the trial court’s judgment.

 

 

                                                                                   


                                                                       
/s/        Margaret Garner Mirabal

                                                                                   
Senior Justice

 

 

Judgment rendered and Memorandum
Opinion filed August 1, 2006.

Panel consists of Justice Hudson and
Senior Justices Mirabal and Amidei.

Do Not Publish — Tex. R. App. P. 47.2(b).

 

_________________________

Senior
Justices Margaret Mirabal and Maurice Amidei sitting
by assignment.