COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-299-CR

 

 

ELIAS VEGA                                                                       APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Elias Vega was
indicted for intentionally or knowingly possessing cocaine of 400 grams or more
with intent to deliver.  The indictment
also included a deadly weapon allegation. 
Appellant pled guilty, the jury assessed his punishment at seventy years= confinement a $250,000 fine, and the trial court sentenced him
accordingly.  In one point, appellant
complains that the trial court abused its discretion by denying his motion for
new trial because the punishment was cruel and unusual.  We affirm.

We review the trial court=s decision to grant or deny a motion for new trial under an abuse of
discretion standard.  Salazar v. State,
38 S.W.3d 141, 148 (Tex. Crim. App.), cert. denied, 534 U.S. 855
(2001).  We must not substitute our
judgment for that of the trial court; rather, we review the trial court=s decision to determine whether it was unreasonable or arbitrary.  Id.  


Appellant does not allege
that the assessed punishment was outside the statutory range provided by the
legislature.  Instead, appellant asserts
that the punishment was cruel and unusual because he did not try to escape or
use a gun during the arrest, the State originally offered him a ten-year sentence
as a plea bargain, he was only twenty-six years old, and the State did not
introduce evidence of other bad acts.[2]









At the punishment hearing,
the State established that appellant had been arrested with two pistols,
$15,000 in cash, and nine kilograms of cocaine worth at least $135,000.  Appellant did not present any character witnesses
or other mitigating evidence at the hearing. 









Appellant argues that his
seventy-year sentence, which is within the maximum amount prescribed by law for
this particular felony,[3]
is grossly disproportionate to the offense committed, thus violating the
constitutional prohibition against cruel and unusual punishment under the
United States and Texas Constitutions.  See
U.S. Const amend. VIII; Tex. Const. art. I, ' 13.  Comparing the gravity of
appellant=s offense to
the severity of his sentence,[4]
however, and noting that appellant=s sentence is within the statutorily prescribed limits,[5]
we hold that the trial court could have reasonably found that appellant=s sentence was not grossly disproportionate to the offense
committed.  See Salazar, 38 S.W.3d
at 148.  Accordingly, we overrule
appellant=s sole
point.

Having overruled appellant=s sole point, we affirm the trial court=s judgment.

PER CURIAM

 

PANEL B:   LIVINGSTON, GARDNER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:   November 30, 2006











[1]See Tex. R. App. P. 47.4.





[2]The
State asserts that appellant=s timely motion for new trial
did not include sufficient facts supporting his claim that the punishment was
cruel and unusual, and that appellant=s amended motion for new
trial was filed late.  We agree that
appellant did not timely file his amended motion for new trial because he filed
it thirty-eight days after the sentence was imposed.  See Tex.
R. App. P. 21.4(b) (stating that motions for new trial and amended
motions for new trial must be filed within thirty days of the defendant=s
sentencing).  However, appellant=s
original motion adequately stated the ground for a new trialCnamely,
the punishment was cruel and unusual.  See
Tex. R. App. P.
33.1(a)(1)(A); Gillenwaters v. State, No. PD-1443-05, 2006 WL 2741553,
at *2 (Tex. Crim. App. Sep. 27, 2006) (holding that a defendant=s
motion for new trial is specific enough to put the court on notice of a claim
if any reasonable trial judge would have understood the motion).  





[3]See Tex. Health & Safety Code Ann. ' 481.1121(a), (b)(4) (Vernon 2003). 
The range of punishment for this offense is not less than fifteen
years or more than ninety-nine years with a fine not to exceed $250,000.  Id.  





[4]See
Moore v. State, 54 S.W.3d 529, 542 (Tex. App.CFort
Worth 2001, pet. ref=d)
(adopting McGruder proportionality analysis to address Eighth Amendment
proportionality claims); see also McGruder v. Puckett, 954 F.2d
313, 316 (5th Cir.), cert. denied, 506 U.S. 849 (1992) (adopting the
proportionality analysis urged by Justice Kennedy in his concurrence in Harmelin
v. Michigan, 501 U.S. 957, 1004-05, 111 S. Ct. 2680, 2706-07 (1991)
(Kennedy, J., concurring)). 





[5]See
Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973)
(holding punishment assessed within the statutorily prescribed range not cruel,
unusual, or excessive); Baldridge v. State, 77 S.W.3d 890, 893 (Tex.
App.CHouston
[14th Dist.] 2002, pet. ref=d) (AIt
has long been recognized that if the punishment assessed is within the range of
punishment established by the Legislature under its constitutional authority,
there is no violation of the state constitutional provisions against cruel and
unusual punishment.@).