Affirmed and Memorandum Opinion filed May 15, 2007








Affirmed and Memorandum Opinion filed May 15, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00604-CR

____________

 

VICTOR LEE SUAREZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 337th
District Court

Harris County, Texas

Trial Court Cause No. 1050684

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Victor Lee Suarez, appeals from his conviction
for assault-family violence-second offense.  After appellant pleaded guilty,
the trial court ordered a presentence investigation (PSI) report and
subsequently found appellant guilty and sentenced him to fourteen years in
prison.  On appeal, appellant contends that the trial court violated his
federal and state constitutional rights by (1) reviewing the PSI report prior
to finding him guilty, and (2) sentencing him to a punishment that was
grossly-disproportionate to the offense.  We affirm.








Review of PSI Report

In his first two issues, appellant contends that the trial
court violated his United States and Texas constitutional rights to due process
by reviewing the PSI report prior to finding him guilty.  See U.S. Const. amend. V, XIV; Tex. Const. art. I, ' 19.  On March 28,
2006, appellant pleaded guilty and signed a stipulation of evidence and
judicial confession.  The trial judge then ordered a PSI.  On May 31, 2006,
after acknowledging that she had reviewed the PSI report, the judge found
appellant guilty and sentenced him.

Generally, it is considered a violation of the United
States and Texas constitutions for a trial court to review a PSI report prior
to determining a defendant=s guilt.  E.g., Baldridge v. State,
77 S.W.3d 890, 892 (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d) (citing State
ex rel. Bryan v. McDonald, 662 S.W.2d 5, 7 (Tex. Crim. App. 1983)). 
However, we have previously held that a defendant=s constitutional
rights are not violated when there was no evidence the judge considered the
report until after the defendant had pleaded no contest, signed a judicial
confession, and stipulated to the evidence of his guilt.  Id. (citing Blalock
v. State, 728 S.W.2d 135, 138‑39 (Tex. App.CHouston [14th
Dist.] 1987, pet. ref=d)); see also Wissinger v. State,
702 S.W.2d 261, 263 (Tex. App.CHouston [1st Dist.] 1985, pet. ref=d).  This is
exactly what occurred in the present case.  Accordingly, for the reasons stated
in these prior opinions, we find that the trial court did not violate appellant=s constitutional
rights by reviewing the PSI report prior to finding appellant guilty.  We
overrule appellant=s first two issues.

Punishment








In his third and fourth issues, appellant contends that the
sentence imposed by the trial court violates the United States and Texas
constitutional prohibitions against cruel and unusual punishment.  See U.S. Const. amend. VIII, XIV; Tex. Const. art. I, ' 13.  ASubject only to a
very limited, exceedingly rare, and somewhat amorphous Eighth Amendment gross‑disproportionality
review a punishment that falls within the legislatively prescribed range, and
that is based upon the sentencer=s informed
normative judgment, is unassailable on appeal.@  Ex parte
Chavez, 213 S.W.3d 320, 323-24 (Tex. Crim. App. 2006) (internal quotations
omitted).  Appellant acknowledges that his punishment was within the
legislatively prescribed range but urges that Aunder the unique
facts of this case,@ the sentence was constitutionally
excessive.  However, the only Afacts@ identified by
appellant are that (1) he was involved in an altercation with his common law
wife, (2) he did not take full responsibility for his actions, and (3) he had
previously been arrested for numerous assaults and other crimes.  Clearly, each
of these items supports a stiffer penalty for appellant, not a more lenient
one.  Accordingly, we find that the trial court=s assessment of
punishment within the statutory range did not constitute cruel and unusual
punishment.  Cf. Baldridge, 77 S.W.3d at 893-94 (holding that Athe unique facts
of this case@ identified by the defendant were not compelling and
did not warrant a finding that the sentence was grossly disproportionate).  We
overrule appellant=s third and fourth issues.

We affirm the trial court=s judgment.

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed May 15, 2007.

Panel consists of
Chief Justice Hedges and Justices Hudson and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).