Opinion filed November 13, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed November 13,
2009

 

 

 

 

 

 

                                                                                                                            
In The

                                                                              

    Eleventh
Court of Appeals

                                                                              

 

     
____________

 

                                                          No. 11-08-00068-CR                                               

                                                     __________

 

                                 JUSTO
HERNANDEZ, JR., Appellant

 

                                                             V.

 

                                       
STATE OF TEXAS, Appellee

 



 

                                             On Appeal
from the 385th District Court 

 

                                                           Midland
County, Texas

 

                                                   Trial
Court Cause No. CR33906

 



 

                                             M
E M O R A N D U M   O P I N I O N

Justo
Hernandez, Jr. appeals from a guilty verdict for driving while intoxicated. 
The jury convicted Justo Hernandez, Jr. of felony driving while intoxicated,
found  the enhancement allegations to be true, and assessed
punishment at confinement for ninety-nine years.  We affirm. 

Background
Facts 








Sergeant
Donald Ray Graham was on patrol at around 2:00 a.m.  Sergeant Graham observed a
vehicle pass him and then stop on the overpass.  Sergeant Graham made a U-turn
to see if the driver of the vehicle needed assistance.  The driver of the
vehicle started reversing and backing toward Sergeant Graham in the lane of
travel.  Sergeant Graham turned on his overhead lights signaling the driver to
pull over.  The vehicle came to a stop on the overpass in the middle of the
lane.  When Sergeant Graham approached the vehicle, it rolled forward, and he
had to instruct the driver to put the car in park and put on the emergency
brake.  Sergeant Graham identified appellant as the driver.  He observed that
appellant had a wet spot on his jeans, and it appeared that appellant had
urinated on himself.  Sergeant Graham also noticed that appellant had the odor
of alcohol on his breath and his eyes were red and glassy and that he walked in
a staggering motion.  Sergeant Graham believed that appellant was intoxicated,
and he called for an officer participating in the STEP program to conduct a
driving-while-intoxicated investigation.[1]


Deputy
Thomas Hunnicutt came to the scene and spoke with Sergeant Graham regarding the
reasons for the stop and appellant=s
actions.  Deputy Hunnicutt observed that appellant had a strong odor of alcohol
on his breath, that his eyes were red and bloodshot, and that appellant had
urinated on himself.  Deputy Hunnicutt performed the horizontal gaze nystagmus
test on appellant at the scene.  Deputy Hunnicutt observed six clues indicating
intoxication.  Deputy Hunnicutt arrested appellant and took him to the police
station to administer further standardized field sobriety tests on him.  Deputy
Hunnicutt observed four clues on the walk-and-turn test indicating
intoxication.  Appellant was unable to complete the one-leg stand test for more
than two seconds, also indicating intoxication.

The
indictment alleged that appellant was driving while intoxicated and that he had
two prior final convictions for driving while intoxicated.  The State also
provided notice of its intent to enhance appellant=s punishment to a first degree felony with
proof of another driving-while-intoxicated conviction and an aggravated-assault-with-a-deadly-weapon
conviction.  Appellant stipulated to the prior driving-while-intoxicated
convictions listed in the indictment. 

                                                                         Issues








Appellant
argues that the evidence is legally insufficient to prove the elements of the
offense of driving while intoxicated and to sustain appellant=s conviction.  Appellant
also argues that the assessment of the ninety-nine year sentence was cruel and
unusual punishment prohibited by the Eighth Amendment of the United States
Constitution. 

Legal
Sufficiency

In
order to determine if the evidence is legally sufficient, we review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Jackson v. State, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). 
The factfinder is the sole judge of the credibility of the witnesses and the
weight to be given their testimony.  Adelman v. State, 828 S.W.2d 418,
421 (Tex. Crim. App. 1992). The factfinder may choose to believe or disbelieve
all or any part of any witness=s
testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

A
person commits the offense of driving while intoxicated when he operates a
motor vehicle in a public place while intoxicated.  Tex. Penal Code Ann. '
49.04(a) (Vernon 2003).  Intoxicated means not having the normal use of mental
or physical faculties by reason of the introduction of alcohol or a controlled
substance.  Tex. Penal Code Ann. ' 49.01(2)(A) (Vernon
2003).  

Appellant
argues that the State failed to prove that appellant had lost the normal use of
his mental or physical faculties by the introduction of alcohol.   We
disagree.  Sergeant Graham testified that he observed appellant stop on an
overpass and back up.  He testified that appellant=s driving was unsafe.  Sergeant Graham also
testified that he smelled alcohol on appellant=s
breath; that appellant had red, glassy eyes; that appellant staggered when he
walked; and that appellant had urinated on himself.  Sergeant Graham stated
that these were all signs that appellant was intoxicated.  Further, Deputy
Hunnicutt testified that he administered the standard field sobriety tests to
appellant and that appellant exhibited several clues of intoxication on each
test.  In reviewing all the evidence in the light most favorable to the
verdict, the State proved that appellant had lost the normal use of his mental
and physical faculties.  The evidence was legally sufficient to support the
jury=s verdict.  We
overrule appellant=s
first issue on appeal. 

Cruel
and Unusual Punishment








The
Eighth Amendment of the United States Constitution states, AExcessive bail shall not be
required, nor excessive fines imposed, nor cruel and unusual punishments
inflicted.@  U.S. Const. amend. VIII.  The Eighth
Amendment of the U.S. Constitution is applicable to the states by virtue of the
Fourteenth Amendment of the U.S. Constitution.  Robinson v. California,
370 U.S. 660, 666-67 (1962).  The cruel and unusual punishment clause prohibits
not only barbaric punishments, but also sentences that are disproportionate to
the crime committed.  Solem v. Helm, 463 U.S. 277, 284 (1983). 
Punishment will be grossly disproportionate to a crime only when an objective
comparison of the gravity of the offense against the severity of the sentence
reveals the sentence to be extreme.  Harmelin v. Michigan, 501 U.S. 957,
1004-06 (1991).  Under Texas law, if the punishment assessed is within the
range of punishment established by the legislature under its constitutional
authority, there is no violation of the state constitutional provisions against
cruel and unusual punishment.  Baldridge v. State, 77 S.W.3d 890, 893
(Tex. App.CHouston
[14th Dist.] 2002, pet. ref=d). 
However, the United States Supreme Court has stated that, Aalthough a sentence may be
within the range permitted by statute, it may nonetheless run afoul of the
Eighth Amendment prohibition against cruel and [un]usual punishment.@  Baldridge, citing Solem,
77 S.W.3d at 893.  If we find that the sentence is grossly disproportionate to
the offense, we must compare the sentence received to (1) sentences for similar
crimes in the same jurisdiction and (2) sentences for the same crime in other
jurisdictions.  Harmelin, 501 U.S. at 1005.

Driving
while intoxicated is normally punished as a Class A misdemeanor.  Tex. Penal Code Ann. ' 49.09(a) (Vernon Supp.
2009).  However, if it is shown on the trial of the offense that the person has
previously been convicted two times of any offense relating to the operation of
a motor vehicle while intoxicated then the offense is punishable as a third
degree felony.  Tex. Penal Code Ann.
' 49.09(b)(2) (Vernon
Supp. 2009).   Further, if it is shown on the trial of any felony offense,
other than a state jail felony, that the defendant has previously been finally
convicted of two felony offenses, he shall be punished by imprisonment for a
term of not more than nine-nine years or less than twenty-five years.  Tex. Penal Code Ann. ' 12.42(d) (Vernon Supp.
2009). 








The
State sought to punish appellant as a habitual offender under Tex. Penal Code Ann. ' 12.42 (Vernon Supp.
2009).  In this case, appellant=s
range of punishment was twenty-five years to ninety-nine years.  The jury
assessed punishment at ninety-nine years.  Appellant does not allege that his
sentence does not fall into the range of punishment set by the legislature for
habitual offenders. In fact, appellant admits to being a recidivist.  However,
appellant argues that he received a life sentence for behavior that, without
enhancement, was a misdemeanor.  Appellant also states that, if he is paroled
with fifteen years credit, his first possibility for parole, he will be
sixty-three years old and have very little of his active life left. Appellant
contends that the State has an interest in punishing habitual criminals but
that his punishment was disproportionally harsh.

Under
this record, appellant=s
sentence was not grossly disproportionate.  Appellant had a prior conviction
for felony driving while intoxicated - third offense.  Therefore, this
conviction was at least appellant=s
fourth conviction for driving while intoxicated.  Appellant was also convicted
of aggravated assault with a deadly weapon, burglary of a building, and
possession of marihuana.  In two of those convictions, appellant received
community supervision, and in both cases, he was unable to complete the program
and his community supervision was revoked.  Appellant has shown no ability to
be rehabilitated. 

Appellant
is being punished under the habitual offender statute, and the sentence imposed
reflects the seriousness of his most recent offense not alone but in
conjunction with his prior offenses.  McGruder v. Puckett, 954 F.2d 313,
316 (5th Cir. 1992).  At least one of appellant=s
prior convictions was a violent crime that involved the use of a deadly weapon. 
Also, driving while intoxicated may not be classified as a violent crime;
however, it threatens the health and safety of the intoxicated driver and every
person on or near the roadways.  Based on appellant=s criminal history with driving while
intoxicated offenses as well as his convictions for aggravated assault,
burglary of a building, and possession of marihuana, appellant=s sentence is not grossly
disproportionate to the offense committed.  Because we do not find that his
sentence is grossly disproportionate, we do not need to discuss the other two
prongs of the Solem test.  See Harmelin, 501 U.S. at
1005.  We overrule appellant=s
second issue on appeal. 

Conclusion

We
affirm the judgment of the trial court.

 

 

RICK STRANGE

JUSTICE

November 13,
2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]The STEP program is a government funded program that
allows officers to work overtime to look for impaired drivers and to prevent
accidents and deaths on the roadway.  It frees up on duty officers to continue
patrolling while the STEP officer conducts the driving while intoxicated
investigation.