**Opinion filed November 13, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00068-CR

_____

## JUSTO HERNANDEZ, JR., Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR33906**

## M E M O R A N D U M   O P I N I O N

Justo Hernandez, Jr. appeals from a guilty verdict for driving while intoxicated. The jury convicted Justo Hernandez, Jr. of felony driving while intoxicated, found the enhancement allegations to be true, and assessed punishment at confinement for ninety-nine years. We affirm.

*Background Facts*

Sergeant Donald Ray Graham was on patrol at around 2:00 a.m. Sergeant Graham observed a vehicle pass him and then stop on the overpass. Sergeant Graham made a U-turn to see if the

driver of the vehicle needed assistance. The driver of the vehicle started reversing and backing toward Sergeant Graham in the lane of travel. Sergeant Graham turned on his overhead lights signaling the driver to pull over. The vehicle came to a stop on the overpass in the middle of the lane. When Sergeant Graham approached the vehicle, it rolled forward, and he had to instruct the driver to put the car in park and put on the emergency brake. Sergeant Graham identified appellant as the driver. He observed that appellant had a wet spot on his jeans, and it appeared that appellant had urinated on himself. Sergeant Graham also noticed that appellant had the odor of alcohol on his breath and his eyes were red and glassy and that he walked in a staggering motion. Sergeant Graham believed that appellant was intoxicated, and he called for an officer participating in the STEP program to conduct a driving-while-intoxicated investigation.[1]

Deputy Thomas Hunnicutt came to the scene and spoke with Sergeant Graham regarding the reasons for the stop and appellant's actions. Deputy Hunnicutt observed that appellant had a strong odor of alcohol on his breath, that his eyes were red and bloodshot, and that appellant had urinated on himself. Deputy Hunnicutt performed the horizontal gaze nystagmus test on appellant at the scene. Deputy Hunnicutt observed six clues indicating intoxication. Deputy Hunnicutt arrested appellant and took him to the police station to administer further standardized field sobriety tests on him. Deputy Hunnicutt observed four clues on the walk-and-turn test indicating intoxication. Appellant was unable to complete the one-leg stand test for more than two seconds, also indicating intoxication.

The indictment alleged that appellant was driving while intoxicated and that he had two prior final convictions for driving while intoxicated. The State also provided notice of its intent to enhance appellant's punishment to a first degree felony with proof of another driving-while-intoxicated conviction and an aggravated-assault-with-a-deadly-weapon conviction. Appellant stipulated to the prior driving-while-intoxicated convictions listed in the indictment.

*Issues*

Appellant argues that the evidence is legally insufficient to prove the elements of the offense of driving while intoxicated and to sustain appellant's conviction. Appellant also argues that the

---

[1]The STEP program is a government funded program that allows officers to work overtime to look for impaired drivers and to prevent accidents and deaths on the roadway. It frees up on duty officers to continue patrolling while the STEP officer conducts the driving while intoxicated investigation.

assessment of the ninety-nine year sentence was cruel and unusual punishment prohibited by the Eighth Amendment of the United States Constitution.

## Legal Sufficiency

In order to determine if the evidence is legally sufficient, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Jackson v. State*, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). The factfinder is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). The factfinder may choose to believe or disbelieve all or any part of any witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

A person commits the offense of driving while intoxicated when he operates a motor vehicle in a public place while intoxicated. TEX. PENAL CODE ANN. § 49.04(a) (Vernon 2003). Intoxicated means not having the normal use of mental or physical faculties by reason of the introduction of alcohol or a controlled substance. TEX. PENAL CODE ANN. § 49.01(2)(A) (Vernon 2003).

Appellant argues that the State failed to prove that appellant had lost the normal use of his mental or physical faculties by the introduction of alcohol. We disagree. Sergeant Graham testified that he observed appellant stop on an overpass and back up. He testified that appellant's driving was unsafe. Sergeant Graham also testified that he smelled alcohol on appellant's breath; that appellant had red, glassy eyes; that appellant staggered when he walked; and that appellant had urinated on himself. Sergeant Graham stated that these were all signs that appellant was intoxicated. Further, Deputy Hunnicutt testified that he administered the standard field sobriety tests to appellant and that appellant exhibited several clues of intoxication on each test. In reviewing all the evidence in the light most favorable to the verdict, the State proved that appellant had lost the normal use of his mental and physical faculties. The evidence was legally sufficient to support the jury's verdict. We overrule appellant's first issue on appeal.

## Cruel and Unusual Punishment

The Eighth Amendment of the United States Constitution states, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST.

amend. VIII. The Eighth Amendment of the U.S. Constitution is applicable to the states by virtue of the Fourteenth Amendment of the U.S. Constitution. *Robinson v. California*, 370 U.S. 660, 666-67 (1962). The cruel and unusual punishment clause prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed. *Solem v. Helm*, 463 U.S. 277, 284 (1983). Punishment will be grossly disproportionate to a crime only when an objective comparison of the gravity of the offense against the severity of the sentence reveals the sentence to be extreme. *Harmelin v. Michigan*, 501 U.S. 957, 1004-06 (1991). Under Texas law, if the punishment assessed is within the range of punishment established by the legislature under its constitutional authority, there is no violation of the state constitutional provisions against cruel and unusual punishment. *Baldridge v. State*, 77 S.W.3d 890, 893 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). However, the United States Supreme Court has stated that, "although a sentence may be within the range permitted by statute, it may nonetheless run afoul of the Eighth Amendment prohibition against cruel and [un]usual punishment." *Baldridge*, citing *Solem*, 77 S.W.3d at 893. If we find that the sentence is grossly disproportionate to the offense, we must compare the sentence received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions. *Harmelin*, 501 U.S. at 1005.

Driving while intoxicated is normally punished as a Class A misdemeanor. TEX. PENAL CODE ANN. § 49.09(a) (Vernon Supp. 2009). However, if it is shown on the trial of the offense that the person has previously been convicted two times of any offense relating to the operation of a motor vehicle while intoxicated then the offense is punishable as a third degree felony. TEX. PENAL CODE ANN. § 49.09(b)(2) (Vernon Supp. 2009). Further, if it is shown on the trial of any felony offense, other than a state jail felony, that the defendant has previously been finally convicted of two felony offenses, he shall be punished by imprisonment for a term of not more than nine-nine years or less than twenty-five years. TEX. PENAL CODE ANN. § 12.42(d) (Vernon Supp. 2009).

The State sought to punish appellant as a habitual offender under TEX. PENAL CODE ANN. § 12.42 (Vernon Supp. 2009). In this case, appellant's range of punishment was twenty-five years to ninety-nine years. The jury assessed punishment at ninety-nine years. Appellant does not allege that his sentence does not fall into the range of punishment set by the legislature for habitual offenders. In fact, appellant admits to being a recidivist. However, appellant argues that he received

a life sentence for behavior that, without enhancement, was a misdemeanor. Appellant also states that, if he is paroled with fifteen years credit, his first possibility for parole, he will be sixty-three years old and have very little of his active life left. Appellant contends that the State has an interest in punishing habitual criminals but that his punishment was disproportionally harsh.

Under this record, appellant's sentence was not grossly disproportionate. Appellant had a prior conviction for felony driving while intoxicated - third offense. Therefore, this conviction was at least appellant's fourth conviction for driving while intoxicated. Appellant was also convicted of aggravated assault with a deadly weapon, burglary of a building, and possession of marihuana. In two of those convictions, appellant received community supervision, and in both cases, he was unable to complete the program and his community supervision was revoked. Appellant has shown no ability to be rehabilitated.

Appellant is being punished under the habitual offender statute, and the sentence imposed reflects the seriousness of his most recent offense not alone but in conjunction with his prior offenses. *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992). At least one of appellant's prior convictions was a violent crime that involved the use of a deadly weapon. Also, driving while intoxicated may not be classified as a violent crime; however, it threatens the health and safety of the intoxicated driver and every person on or near the roadways. Based on appellant's criminal history with driving while intoxicated offenses as well as his convictions for aggravated assault, burglary of a building, and possession of marihuana, appellant's sentence is not grossly disproportionate to the offense committed. Because we do not find that his sentence is grossly disproportionate, we do not need to discuss the other two prongs of the *Solem* test. *See Harmelin*, 501 U.S. at 1005. We overrule appellant's second issue on appeal.

*Conclusion*

We affirm the judgment of the trial court.


RICK STRANGE

JUSTICE

November 13, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.