Opinion issued December 3, 2009

 

 

 

 

 

 



 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-00221-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



EDDIE D. PAYNE, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 7th District Court

Smith County, Texas

Trial Court Cause No. 007-0332-08

 

 



MEMORANDUM OPINION

          Appellant, Eddie D. Payne, Jr., pleaded guilty to felony theft and the
trial court assessed punishment at 10 years’ confinement, which it then
suspended, placing appellant on 5 years’ community supervision.  Three months later, the State filed a motion
to revoke appellant’s community supervision. 
After a hearing on the State’s motion, the trial court revoked appellant’s
community supervision and assessed punishment at 8 years’ confinement.  In two related points of error, appellant
contends that his sentence is unconstitutional. 
We affirm.

EXCESSIVE OR DISPROPORTIONATE
SENTENCE

Appellant argues that the trial court
erred in assessing punishment because its sentence is “disproportionate for the
crime committed” and violates the Eighth Amendment of the United States
Constitution[1] and article I, section 13 of the Texas Constitution.[2]  

The Eighth Amendment requires that a
criminal sentence be proportionate to the crime for which a defendant has been
convicted.  Solem v. Helm, 463
U.S. 277, 290, 103 S. Ct. 3001, 3009 (1983) (citing U.S. Const. amend. VIII); see also Baldridge v. State,
77 S.W.3d 890, 893 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d) (stating
that Eighth Amendment has narrow proportionality principle).  The Texas Constitution prohibits “cruel or
unusual punishment.” Tex. Const.
art. I, § 13.

However, in order to preserve for appellate review a
complaint that a sentence is grossly disproportionate, constituting cruel and
unusual punishment, a defendant must present to the trial court a timely
request, objection, or motion stating the specific grounds for the ruling
desired.  See Tex. R. App. P. 33.1(a); Rhoades v.
State, 934 S.W.2d 113, 119-20 (Tex. Crim. App. 1996). 

Here, after the trial court announced
its sentence at the punishment hearing, appellant made no objection to the
trial court about the punishment assessed and did not assert his claim under
the Eighth Amendment and the Texas Constitution in the trial court.  Accordingly, we hold that appellant has waived
his cruel and unusual punishment
complaints.  See Ladd v. State, 3
S.W.3d 547, 564 (Tex. Crim. App. 1999) (concluding that defendant did not
preserve cruel and unusual
punishment complaint for appellate review).

 

 

 

 

 

We overrule points of error one and
two.

CONCLUSION



We affirm the judgment of the trial
court.

 

 

 

 

                                                          Sherry
Radack

                                                          Chief
Justice

 

Panel consists of Chief Justice Radack
and Justices Bland and Massengale.

Do not publish.  Tex.
R. App. 47.2(b).











[1]               U.S. Const. amend. 8.





[2]               Tex. Const. art. I , §13.