**Affirmed and Memorandum Opinion filed August 2, 2012.**



In The

# Fourteenth Court of Appeals

## NO. 14-11-00929-CR

**GREGORY HEARN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 1296471**

## M E M O R A N D U M   O P I N I O N

Appellant Gregory Hearn appeals his conviction for assault of a family member and impeding breathing. *See* Tex. Penal Code Ann. § 22.01(b)(2)(B). In a single issue he contends his six-year prison sentence is grossly disproportionate to the crime committed. We affirm.

Appellant entered a plea of guilty and requested that the trial court assess punishment. The complainant, appellant's former girlfriend, testified that on the night of the offense appellant went out for drinks with a friend. When he returned home, she was

asleep in the same bed as her grandchild. Appellant and the complainant began arguing and physically fighting with each other. Appellant grabbed the complainant's neck and she fell on to the bed. As she lay on the bed, appellant held both hands around her neck in an attempt to choke her. As she stood up from the bed, appellant came toward her again, and the complainant reached for a knife to defend herself. The complainant's son heard the noise and came into the room to stop the fight.

The complainant testified that she previously had been a victim of assault by appellant in 2009, and that there were other instances of violence unreported to authorities. After hearing testimony from appellant's family members, the court assessed appellant's sentence at six years in prison.

Appellant was indicted for the offense of assault of a family member second offender and impeding breathing enhanced with a prior conviction for felony assault committed against a family member. Appellant was properly admonished, both orally and in writing, that the range of punishment was for "a term of life or any term of not more than 99 years or less than 5 years in the Institutional Division of the Texas Department of Criminal Justice." *See* Tex. Code Crim. Proc. Ann. arts. 12.32, 12.42, & 22.01.

The court sentenced appellant as follows:

Please stand, Mr. Hearn. Gregory Hearn, based on your plea of guilty, the Court is going to find you guilty and assess your punishment at 6 years in the Institutional Division of the Texas Department of Criminal Justice. Do you have anything to say, sir, as to why sentence should not now be pronounced against you?
THE DEFENDANT: No, ma'am.

On appeal, in a single issue, appellant contends the trial court erred by assessing a punishment that is grossly disproportionate to the crime committed. Appellant claims his sentence is disproportionate to the crime because he received minimum sentences in his two prior assault convictions, the complainant in this case fought back and cut appellant with a knife and left an embarrassing voicemail greeting on appellant's phone after he

was arrested, and appellant admitted his crime. Appellant, however, failed to preserve his complaint of a disproportionate sentence for review.

To preserve purported sentencing error for appellate review, a defendant must raise the complaint by objecting to his sentence during the trial's punishment phase or by later filing a motion for new trial. *See* Tex R. App. P. 33.1; *see also Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986); *Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (holding that when appellant failed to object to his sentence at the punishment hearing or to complain about it in his motion for new trial, he failed to preserve his Eighth Amendment complaint that the punishment assessed was "grossly disproportionate and oppressive").

In this case, appellant did not object to the pronouncement of his sentence at the conclusion of his punishment hearing, nor did he raise the claim in a motion for new trial. Accordingly, appellant presents nothing for review on appeal.

Waiver notwithstanding, appellant has not shown that his sentence was grossly disproportionate to the offense for which he was convicted. Although a sentence may be within the range permitted by statute, it may nonetheless run afoul of the Eighth Amendment prohibition against cruel and usual punishment. *Solem v. Helm*, 463 U.S. 277, 290 (1983). Only if we infer that the sentence is grossly disproportionate to the offense will we then consider the remaining factors of the *Solem* test and compare the sentence received to (1) sentences for similar crimes in the same jurisdiction, and (2) sentences for the same crime in other jurisdictions. *Baldridge v. State*, 77 S.W.3d 890, 893 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). The constitutional principal of the Eighth Amendment is tempered, however, by the corollary proposition that the determination of prison sentences is a legislative prerogative that is primarily within the province of the legislatures, not the courts. *Rummel v. Estelle*, 445 U.S. 263, 274–76 (1980).

In first considering whether appellant's sentence is grossly disproportionate to the offense, it should be noted that not only is appellant's sentence within the range of

3

punishment prescribed by the legislature for habitual felony offenders, but it is also near the minimum sentence that can be assessed for this offense. This is not an oppressive sentence for conviction of a third assault on a family member. Because appellant's six-year sentence is not grossly disproportionate to the offense, we will not consider the remaining *Solem* factors. We overrule appellant's sole issue.

The judgment of the trial court is affirmed.


PER CURIAM


Panel consists of Justices Boyce, Christopher, and Jamison.

Do Not Publish — TEX. R. APP. P. 47.2(b).