**Affirmed and Memorandum Opinion filed January 8, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00500-CR

**JOSSUE DANIEL GARCIA-LOPEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 209th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1334729**

## M E M O R A N D U M   O P I N I O N

Appellant Jossue Daniel Garcia-Lopez appeals his conviction for sexual assault of a child under fourteen years of age. *See* Tex. Penal Code Ann. §22.021(a)(1)(B)(i). In two issues he contends his seven-year prison sentence is grossly disproportionate to the crime committed. We affirm.

Appellant entered a plea of guilty and requested that the trial court assess

punishment. After completion of a presentence investigation (PSI) report, the trial court held a hearing on punishment.

At the hearing, the trial court stated it had received the PSI report, read it, and read three additional letters in support of appellant. Both the State and appellant had reviewed the PSI report and had no objections. No other evidence was admitted. After arguments of counsel, the court sentenced appellant as follows:

> Jossue Garcia-Lopez, on your plea of guilty and the evidence introduced therein, the Court finds you guilty of the offense of aggravated sexual assault of a child under the age of 14 years and assesses your punishment at seven years confinement in the Texas Department of Corrections.
>
> Do you have anything to say before sentence of the law is pronounced against you?
>
> THE DEFENDANT: I can't sign for seven years.
>
> THE COURT: You are going to have to. Do you anything further to say?
>
> THE DEFENDANT: No, sir.

On appeal, in two issues, appellant contends the trial court erred by assessing a punishment that is grossly disproportionate to the crime committed in violation of the Eighth Amendment to the United States Constitution and article I, section 13 of the Texas Constitution. Appellant claims his sentence is disproportionate to the crime given his lack of a significant criminal history. Appellant, however, failed to preserve his complaint of a disproportionate sentence for review.

To preserve purported sentencing error for appellate review, a defendant must raise the complaint by objecting to his sentence during the trial's punishment phase or by later filing a motion for new trial. *See* Tex R. App. P. 33.1; *see also*

*Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986); *Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (holding that when appellant failed to object to his sentence at the punishment hearing or to complain about it in his motion for new trial, he failed to preserve his Eighth Amendment complaint that the punishment assessed was "grossly disproportionate and oppressive").

In this case, appellant did not object to the pronouncement of his sentence at the conclusion of his punishment hearing, nor did he raise the claim in a motion for new trial. Appellant claims that his statement he could not "sign for seven years" constitutes an objection based on the proportionality of his sentence. An appellant must present to the trial court a timely, specific objection and obtain an adverse ruling to preserve for appeal his complaints concerning cruel and unusual punishment. *Benson v. State*, 224 S.W.3d 485, 498 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Other than appellant's statement, no objection was made, nor was evidence admitted as to how the seven-year sentence was disproportionate to the crime committed. Because appellant did not present a specific objection to his sentence or obtain an adverse ruling, appellant presents nothing for review on appeal.

Waiver notwithstanding, appellant has not shown that his sentence was grossly disproportionate to the offense for which he was convicted. Although a sentence may be within the range permitted by statute, it may nonetheless run afoul of the Eighth Amendment prohibition against cruel and usual punishment. *Solem v. Helm*, 463 U.S. 277, 290 (1983). Only if we infer that the sentence is grossly disproportionate to the offense will we then consider the remaining factors of the *Solem* test and compare the sentence received to (1) sentences for similar crimes in the same jurisdiction, and (2) sentences for the same crime in other jurisdictions.

*Baldridge v. State*, 77 S.W.3d 890, 893 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). The constitutional principal of the Eighth Amendment is tempered, however, by the corollary proposition that the determination of prison sentences is a legislative prerogative that is primarily within the province of the legislatures, not the courts. *Rummel v. Estelle*, 445 U.S. 263, 274–76 (1980).

In first considering whether appellant's sentence is grossly disproportionate to the offense, it should be noted that not only is appellant's sentence within the range of punishment prescribed by the legislature for the offense of sexual assault of a child, but it is also near the minimum sentence that can be assessed for this offense. Sexual assault of a child is a first degree felony punishable by confinement of five to ninety-nine years or life in prison. Tex. Penal Code Ann. §§ 22.021(a)(1)(B)(i) & 12.32. This is not an oppressive sentence for conviction of sexual assault of a child under fourteen years old. Because appellant's seven-year sentence is not grossly disproportionate to the offense, we will not consider the remaining *Solem* factors. We overrule appellant's two issues.

The judgment of the trial court is affirmed.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Brown and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).

4