

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00022-CR

_____


SHAWANDA M. SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 37773-B



Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Shawanda M. Smith has appealed from her open plea of guilty to the offense of possession of a controlled substance with intent to deliver.[1] The court sentenced Smith to five years' imprisonment.

On appeal, Smith contends that her sentence is cruel and unusual in that it is grossly disproportionate to the crime, citing, among other cases, *Solem v. Helm*, 463 U.S. 277 (1983), and *Baldridge v. State*, 77 S.W.3d 890 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). To preserve such complaint for appellate review, Smith must have presented to the trial court a timely request, objection, or motion that stated the specific grounds for the desired ruling, or the complaint must be apparent from the context. *See* TEX. R. APP. P. 33.1(a)(1); *Harrison v. State*, 187 S.W.3d 429, 433 (Tex. Crim. App. 2005); *Williams v. State*, 191 S.W.3d 242, 262 (Tex. App.—Austin 2006, no pet.) (claims of cruel and unusual punishment must be presented in timely manner); *Nicholas v. State*, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (failure to complain to trial court that sentences were cruel and unusual waived claim of error for appellate review). We have reviewed the records of the trial proceeding. No relevant request, objection, or motion was made. And, while this Court has held that a motion for new trial is an appropriate way to preserve this type of claim for review (*see Williamson v. State*, 175

---

[1] Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

S.W.3d 522, 523–24 (Tex. App.—Texarkana 2005, no pet.), and *Delacruz v. State*, 167 S.W.3d 904 (Tex. App.—Texarkana 2005, no pet.)), no motion for new trial was filed. Smith has not preserved such an issue for appeal.

However, even absent waiver,[2] we conclude that Smith's sentence was not grossly disproportionate. Texas courts have traditionally held that as long as the punishment assessed is within the range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or unusual. *See, e.g.*, *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). Here, Smith's sentence falls within the applicable range of not less than five years or more than ninety-nine years or life imprisonment. *See* TEX. PENAL CODE ANN. § 12.32 (Vernon Supp. 2009).

That does not end the inquiry. A prohibition against grossly disproportionate punishment survives under the Eighth Amendment to the United States Constitution apart from any consideration of whether the punishment assessed is within the range established by the Legislature. U.S. CONST. amend. VIII; *see Solem*, 463 U.S. at 290; *Harmelin v. Michigan*, 501 U.S. 957 (1991) (Scalia, J., plurality op.); *Jackson v. State*, 989 S.W.2d 842, 846 (Tex. App.—Texarkana 1999, no pet.); *Lackey v. State*, 881 S.W.2d 418, 420–21 (Tex. App.—Dallas 1994, pet. ref'd); *see also Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006)

---

[2]*See Faizon v. State*, No. 12-05-00353-CR, 2006 Tex. App. LEXIS 6079, at *8 (Tex. App.—Tyler July 12, 2006, no pet.) (mem. op., not designated for publication).

(describing this principle as involving a "very limited, 'exceedingly rare,' and somewhat amorphous" review).

Solem had suggested, as a three-part test, that an appellate court consider: (1) the gravity of the offense compared with the harshness of the penalty; (2) the sentences imposed for similar crimes in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. *See Solem*, 463 U.S. at 292. *Harmelin* at least raised questions about the viability of the *Solem* three-part test. In fact, it was subsequently held that proportionality survived *Harmelin*, but that the *Solem* three-part test did not. *See McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992); *Lackey*, 881 S.W.2d at 420–21. In light of *Harmelin*, the test has been reformulated as an initial threshold comparison of the gravity of the offense with the severity of the sentence; and then, only if that initial comparison created an inference that the sentence was grossly disproportionate to the offense should there be a consideration of the other two *Solem* factors—sentences for similar crimes in the same jurisdiction and sentences for the same crime in other jurisdictions. *McGruder*, 954 F.2d at 316; *Mullins v. State*, 208 S.W.3d 469, 470 (Tex. App.—Texarkana 2006, no pet.); *Lackey*, 881 S.W.2d at 420–21.

We do not believe the sentence was grossly disproportionate to the gravity of the offense, but even if it was, there is no evidence in the record from which we could compare Smith's sentence to the sentences imposed on other persons in Texas or on persons in other jurisdictions who committed a similar offense. *See Latham v. State*, 20 S.W.3d 63, 69 (Tex. App.—Texarkana

4

2000, pet. ref'd); *Davis v. State*, 905 S.W.3d 655, 664–65 (Tex. App.—Texarkana 1995, pet. ref'd). Without such evidence, the record before us does not support Smith's claim of demonstrable error. *Cf. Jackson*, 989 S.W.2d at 846 ("there is no evidence in the record reflecting sentences imposed for similar offenses on criminals in Texas or other jurisdictions by which to make a comparison").

There being no other issues before us, we affirm the trial court's judgment.

Jack Carter
Justice

Date Submitted:    June 30, 2010
Date Decided:      July 1, 2010

Do Not Publish