**Affirmed and Memorandum Opinion filed April 9, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00704-CR

**DAVID GLYNN NUNN, JR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1420647**

## M E M O R A N D U M   O P I N I O N

Appellant David Glynn Nunn, Jr. appeals his conviction for fraudulent use or possession of ten or more items of identifying information of elderly individuals. *See* Tex. Penal Code Ann. § 32.51(b)(1); (c)(1) (West 2011). In two issues appellant argues (1) the trial court erred in denying his motion to withdraw guilty plea; and (2) the assessment of an 18-year sentence was grossly disproportionate to appellant's role in the commission of the offense. We affirm.

**BACKGROUND**

After being admonished in writing pursuant to article 26.13 of the Texas Code of Criminal Procedure, appellant entered a plea of guilty to the offense of possession of more than ten items of identifying information of elderly individuals.[1] Appellant also waived the right to have a court reporter record his plea hearing. The trial court accepted appellant's plea and ordered a presentence investigation report (PSI) prepared.

After preparation of the PSI the trial court held a hearing on punishment. At the beginning of the hearing the trial court asked appellant whether he had entered a guilty plea and whether he had been admonished that the range of punishment was five to 99 years or life in prison. To both questions, appellant answered affirmatively. The State introduced the PSI and appellant's counsel objected on the ground that several of the interviews with complainants in the PSI were not attributable to appellant. Counsel further requested that the court add two documents to the PSI: a letter from the jail chaplain, and notification from appellant's parole officer that he was not under any restrictions from his last prison sentence. The trial court agreed to make the documents part of the PSI and admitted the PSI into evidence.

The PSI contains a summary of Sergeant J.A. Hadley's[2] investigation of appellant. The investigation began when appellant purchased a drill under the Nunn Constructors account. Nunn Constructors is a construction company owned

---

[1] Appellant also agreed to waive any right to appeal. Appellant's waiver of the right to appeal is not effective because there was no agreed recommendation as to punishment. *See Washington v. State*, 363 S.W.3d 589, 589–90 (Tex. Crim. App. 2012).

[2] The investigating officer's name is spelled "Headly" in the PSI, and "Hadley" in the reporter's record of the hearing and the briefs. For consistency purposes, we will spell the officer's name, "Hadley."

by appellant's father, David Glynn Nunn, Sr. Appellant's father had not given him permission to use the Nunn Constructors credit card to purchase construction equipment. Continued investigation revealed another instance in which appellant attempted to purchase construction equipment and later sell it. Hadley received information that appellant was staying in a hotel and arranged surveillance. Appellant was observed leaving the hotel carrying four backpacks and three pieces of luggage. Appellant was arrested on outstanding felony warrants and his bags were searched. An inventory of the bags revealed an envelope with a white powdery substance appellant identified as methamphetamine, several counterfeit Texas identification cards with appellant's picture, several documents with lists of identifying information, a laminating machine, laptop computer, identification printer, photo printer, special paper for printing identification cards, and lamination blanks with "Texas" printed across them with "UV ink."

In an interview at the police station, appellant admitted that he used the Nunn Constructors account without permission, passed forged checks, used other individual's identities to open credit accounts, used "already open credit accounts," made fraudulent Texas driver's licenses, and intended to deliver methamphetamine. The PSI then listed summaries of interviews from nine complainants whose identification had been discovered in appellant's possession. The PSI also contained victim-impact statements from some of the nine complainants. Following admission of the PSI, the State rested.

Appellant testified at punishment detailing his drug addiction, which began when he was 17 years old. Appellant was employed in the construction industry for several years and remained employed with the exception of two periods of incarceration. At times his drug usage also prohibited employment. Appellant admitted to selling driver's licenses to pay for methamphetamine, buying and

selling stolen cell phones, and stealing from his father's construction company.

Appellant told Sergeant Hadley the identity of the individual to whom he sold the stolen construction equipment. Appellant testified that in exchange for this information, Hadley "told me he would help me out with my sentence." Appellant further admitted there was no evidence from Hadley to corroborate appellant's claim. Appellant denied opening large credit accounts at department stores, and testified he was "content with the small-level theft [he was] working on." Appellant asked the trial court to send him to Cenikor, a residential drug-addiction treatment facility, rather than prison.

At the conclusion of the hearing the trial court found appellant guilty, assessed punishment at 18 years' confinement, and asked, "Do you have any legal reason why you should not be sentenced at this time?" Appellant responded, "No, ma'am."

### VOLUNTARINESS OF GUILTY PLEA

In his first issue, appellant contends, "The evidence presented at Appellant's Pre-Sentence Investigation Hearing and subsequent Motion to Withdraw Plea of Guilty supported a finding that Appellant had been promised assistance at sentencing which was not fulfilled thus making his plea invalid." Following sentencing, appellant filed a handwritten "Motion to Withdraw Plea of Guilty." In the motion appellant contends (1) he entered into a plea bargain agreement with the State in which the State agreed to "dismiss all other charges and enhancements," and, in return, appellant would receive long-term drug treatment; (2) his plea of guilty was not voluntary because his attorney did not inform him of the consequences of submitting to a PSI, and his attorney represented that he had "a close person[al] friendship with" the trial court, and that his attorney could ensure that appellant would receive long-term drug treatment rather than a prison

4

sentence. The trial court denied appellant's motion.

A defendant's guilty plea must be made freely, voluntarily, and knowingly. *Ex parte Evans*, 690 S.W.2d 274, 276 (Tex. Crim. App. 1985). In determining whether a guilty plea is voluntary, this court considers the totality of the circumstances. *George v. State*, 20 S.W.3d 130, 135 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). Before accepting a guilty plea, a trial court must admonish the defendant in accordance with article 26.13 of the Code of Criminal Procedure, either orally or in writing, to assure that the defendant understands the charges against him and the consequences of his plea. *Ex parte Gibauitch*, 688 S.W.2d 868, 870 (Tex. Crim. App. 1985); Tex. Code Crim. Proc. Ann. art. 26.13 (West Supp. 2014).

A record that indicates the defendant was duly admonished before entering a guilty plea presents a prima facie showing the plea was both knowing and voluntary. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). A defendant still may raise the claim that his plea was not voluntary; however, the burden shifts to the defendant to demonstrate that he did not fully understand the consequences of his plea such that he suffered harm. *Id.* Further, when a defendant affirmatively indicates at the plea hearing that he understands the proceeding's nature and is pleading guilty because the allegations in the indictment are true, and not because of any outside pressure or influence, he has a heavy burden to prove that his plea was involuntary. *George*, 20 S.W.3d at 135.

Here, appellant was admonished in writing by the court. Appellant signed the admonishments, which included the range of punishment, the waiver of trial by jury, representations that he understood the consequences of his plea, that he was mentally competent, that he made his plea freely and voluntarily, and that he was satisfied with his counsel's representation. The record is silent as to any deviation

from the proper admonishment procedures, and there is nothing in the plea papers to indicate that the plea was involuntary. As such, the trial court's admonishments substantially complied with the requirements of the Code of Criminal Procedure, and, therefore, there is a strong presumption that appellant's plea was voluntary.

The only evidence appellant has presented of any misrepresentation is his hand-written motion and his statement at the punishment hearing that Hadley told appellant he would "help [him] out with his sentence." Appellant admitted, however, that there was no evidence from Hadley to corroborate his statement.

Misinformation concerning a matter about which a defendant is not constitutionally or statutorily entitled to be informed may render a guilty plea involuntary if the defendant shows that his guilty plea was actually induced by the misinformation. *Brown v. State*, 943 S.W.2d 35, 42 (Tex. Crim. App. 1997). However, "a defendant's claim he was misinformed by counsel, standing alone, is not enough for us to hold his plea was involuntary." *Fimberg v. State*, 922 S.W.2d 205, 208 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd).

Appellant signed the trial court's admonishments that he understood the charge against him and the appropriate range of punishment for the charged offense was five to 99 years' confinement and a possible fine not to exceed $10,000. We presume that recitals in court documents are correct unless the record affirmatively shows otherwise. *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984). There is no record of the plea hearing to contradict the written record.

In this case, there is direct as well as circumstantial evidence to indicate that appellant's plea was entered freely and voluntarily. Given the non-corroborated statements of appellant, and the totality of the circumstances, the trial court could have reasonably determined that appellant's guilty plea was made knowingly and

voluntarily. *See Evans*, 690 S.W.2d at 276. As such, appellant has not met his high burden to show that the plea was involuntary, and, therefore, the trial court did not abuse its discretion in denying appellant's motion to withdraw his plea. We overrule appellant's first issue.

CRUEL AND UNUSUAL PUNISHMENT

In his second issue appellant contends that his 18-year-sentence "constituted cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the Constitution of the United States."

Appellant failed to preserve his complaint of cruel and unusual punishment for appellate review. Appellant made no objection to his sentence in the trial court at the time of sentencing. In his post-judgment motion, appellant challenged the voluntariness of his plea, but did not lodge an objection under constitutional or other grounds to the alleged disparity, cruelty, unusualness, or excessiveness of the sentence.

To preserve error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. Tex. R. App. P. 33.1(a). "All a party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." *Keeter v. State*, 175 S.W.3d 756, 760 (Tex. Crim. App. 2005) (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)). *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App.1996) (holding that failure to object on grounds of cruel and unusual punishment waives claim that sentence violated prohibition in Texas Constitution); *Arriaga v. State,* 335 S.W.3d 331, 334 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (holding that failure to object to a sentence as cruel and

unusual forfeits error); and *Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (holding that a claim of grossly disproportionate sentence violative of Eighth Amendment was forfeited by failure to object).

By failing to object to the trial court's sentence below, appellant has forfeited the complaints he now makes on appeal.

Waiver notwithstanding, appellant has not shown that his sentence was cruel and unusual, or grossly disproportionate to the offense for which he was convicted. Although a sentence may be within the range permitted by statute, it may nonetheless run afoul of the Eighth Amendment prohibition against cruel and usual punishment. *Solem v. Helm*, 463 U.S. 277, 290 (1983). A sentence is grossly disproportionate to a crime only when an objective comparison of the gravity of the offense against the severity of the sentence reveals the sentence to be extreme. *Harris v. State*, 204 S.W.3d 19, 29 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd); *Hicks v. State*, 15 S.W.3d 626, 632 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). In its proportionality analysis, a reviewing court must first review whether the sentence is grossly disproportionate to the offense. *Hicks*, 15 S.W.3d at 632. If the reviewing court determines the sentence to be grossly disproportionate to the crime committed, then it compares (1) sentences for similar crimes in the jurisdiction and (2) sentences for the same crime in other jurisdictions. *Id*. The constitutional principal of the Eighth Amendment is tempered, however, by the corollary proposition that the determination of prison sentences is a legislative prerogative that is primarily within the province of the legislatures, not the courts. *Rummel v. Estelle*, 445 U.S. 263, 274–76 (1980).

We first determine whether "an objective comparison of the gravity of the offense against the severity of the sentence reveals the sentence to be extreme."

8

*Baldridge v. State*, 77 S.W.3d 890, 893 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) (citing *Harmelin v. Michigan*, 501 U.S. 957, 1005 (1991) (Kennedy, J., plurality op.)). Only if we are able to infer that the sentence is grossly disproportionate will we then compare the challenged sentence against the sentences of other offenders in the same jurisdiction and the sentences imposed for the same crime in other jurisdictions. *Baldridge*, 77 S.W.3d at 893; *see also Solem*, 463 U.S. at 292.

Appellant argues he was disproportionately sentenced for committing a "non-violent" offense, "especially in light of Appellant's long-standing history of drug addiction." The trial court sentenced appellant for possession of more than ten items of identifying information of elderly individuals, a first-degree felony. *See* Tex. Penal Code Ann. § 32.51(b)(1); (c)(1). The punishment range for a first-degree felony is confinement for five to 99 years or life, and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.32. When appellant entered his guilty plea he acknowledged the possible range of punishment.

Appellant admitted that he sold driver's licenses to pay for methamphetamine, bought and sold stolen cell phones, and stole from his father's construction company. Appellant further admitted that he previously had been unsuccessful when placed on probation. Appellant has failed to show that his 18-year sentence is grossly disproportionate to the first-degree felony offense to which he pleaded guilty. By making fraudulent use or possession of more than ten items of identifying information of elderly individuals a first-degree felony the legislature has identified this offense as a serious offense. The PSI contains recitations from several of the complainants as to the impact of appellant's crimes on their lives. With that in mind, the assessment of an 18-year sentence, near the low end of the sentencing range, is not grossly disproportionate to the offense in

this case. Because we hold appellant's sentence is not grossly disproportionate to his crime, we need not examine the other *Solem* factors. *See Harmelin*, 501 U.S. at 1006. We overrule appellant's second issue.

We affirm the trial court's judgment.


/s/    John Donovan
Justice


Panel consists of Justices Boyce, McCally, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).