

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00430-CR

SHERI DIANE JONES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 5537, Honorable Stuart Messer, Presiding

May 28, 2014

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant Sheri Diane Jones challenges the trial court's judgment adjudicating her guilty of the offense of possession of a controlled substance with intent to deliver in a drug-free zone, revoking her community supervision, and imposing a sentence of twenty-five years of imprisonment. Through one issue, appellant contends her punishment is grossly disproportionate because she effectively is being punished for her drug addiction. We will affirm.

## Background

In June 2013, appellant plead guilty to the first degree felony offense of possession of a controlled substance with intent to deliver in a drug-free zone. The trial court placed appellant on deferred adjudication community supervision for a period of ten years.  She was then twenty-four years old.

In September 2013, the State filed a Motion to Adjudicate alleging that appellant had violated her community supervision by committing a new offense; failing to notify the community supervision officer within 48 hours of arrest; consuming methamphetamines on or about August 9, 2013; failing to notify the community supervision officer within 48 hours of a change of address; failing to report; failing to pay monthly community supervision fees; and failing to pay court-ordered fees.

In November 2013, the trial court conducted a hearing on the Motion to Adjudicate. Appellant pleaded "true" to each of the violations.  Her community supervision officer also testified to each of the violations. The State presented appellant's signed admission of use of methamphetamines.  Following presentation of the evidence, the trial court found appellant had violated each of the terms alleged by the State. The trial court then adjudicated appellant guilty of possession of a controlled substance with intent to deliver and made an affirmative finding that it occurred in a drug-free zone. The trial court assessed appellant's punishment at twenty-five years of confinement in the Texas Department of Criminal Justice Institutional Division. Appellant filed a motion for new trial that was overruled by operation of law.  This appeal followed.

Analysis

We review a trial court's decision to adjudicate guilt in the same manner as we review a trial court's revocation of community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West 2012). We apply an abuse of discretion standard to a trial court's order revoking community supervision. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Moore v. State,* 11 S.W.3d 495, 498 (Tex. App.—Houston [14th Dist.] 2000, no pet.). The State's burden of proof in a revocation proceeding is by a preponderance of the evidence. *Cobb v. State,* 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). Proof of any one of the alleged violations is sufficient to support a revocation of probation. *Moore*, 11 S.W.3d at 498.

When deferred adjudication community supervision is revoked, the trial court may impose any punishment authorized by statute. *Von Schounmacher v. State,* 5 S.W.3d 221, 223 (Tex. Crim. App. 1999) (per curiam). Appellant's offense was a first degree felony, with a punishment range of five to ninety-nine years' incarceration. Tex. HEALTH & SAFETY CODE ANN. § 481.112(c) (West 2012); TEX. PENAL CODE ANN. § 12.32 (West 2009)) (first degree felony punishment range).

Punishment assessed within the statutory limits is generally not considered cruel and unusual. *Samuel v. State,* 477 S.W.2d 611, 614 (Tex. Crim. App. 1972); *Baldridge v. State,* 77 S.W.3d 890, 893-94 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). A narrow exception to this rule was announced by the United States Supreme Court in *Solem v. Helm,* which held that sentences must be proportionate to the crime and that even a sentence within the statutorily prescribed range may violate the Eighth

3

Amendment. 463 U.S. 277, 290, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Punishment may be grossly disproportionate to a crime only when an objective comparison of the gravity of the offense against the severity of the sentence shows the sentence to be extreme. *Baldridge,* 77 S.W.3d at 893 (*citing Harmelin v. Michigan*, 501 U.S. 957, 1005, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) (plurality op.) (Kennedy, J., concurring)). If we determine that the sentence is grossly disproportionate to the offense, we must then consider the remaining factors of the *Solem* test and compare the sentence received to (1) sentences for similar crimes in this jurisdiction, and (2) sentences for the same crime in other jurisdictions. *Id; McGruder v. Puckett,* 954 F.2d 313, 316 (5th Cir. 1992). *See also Graham v. Florida,* 560 U.S. 48, 130 S. Ct. 2011, 2026, 176 L. Ed. 2d 825 (2010) (Stevens, J., concurring) (listing factors to consider as (1) whether there is a national consensus against imposing the punishment for the offense; (2) the moral culpability of the offenders at issue in light of their crimes and characteristics; (3) the severity of the punishment; and (4) whether the punishment serves legitimate penological goals of retribution, incapacitation, deterrence and rehabilitation).

On appeal, appellant contends her sentence is grossly disproportionate because her relapse into drug use was foreseeable, and she effectively was subjected to revocation and incarceration because of her drug addiction.[1] She cites us no authority agreeing with her contention that incarceration of an offender whose violations of community supervision may have been influenced by drug use is inherently cruel and unusual. We cannot agree her twenty-five-year sentence is constitutionally grossly

---

[1] Appellant summarizes her position by stating, "Drug use relapse as a basis for revocation of probation and sentencing is cruel and unusual punishment."

disproportionate to her offense, for the reason of her asserted addiction[2] or for any other reason presented by this record. Her offense was serious, a first degree felony involving possession of methamphetamine with intent to distribute, committed within 1000 feet of the premises of a public youth center. As both the State and the trial court noted, "[t]his is not just simply a possession case. This is a possession with intent to deliver in a drug free zone case." Her sentence of twenty-five years is not near the high end of the statutory range of punishment. Objectively comparing the gravity of her offense with the severity of the sentence, we cannot conclude the sentence is extreme. *See Baldridge,* 77 S.W.3d at 893; *Speckman v. State,* Nos. 07-13-00232-CR, 07-13-00233-CR, 2014 Tex. App. LEXIS 5615 (Tex. App.—Amarillo May 23, 2014, no pet. h.) (mem. op., not designated for publication) (similar analysis). Accordingly, we must also conclude she has not been subjected to cruel and unusual punishment in violation of the Eighth Amendment.

We resolve appellant's issue against her, and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[2] A community supervision officer testified appellant told her in late August 2013 that "she felt that she didn't have an addiction, and she felt that it was something she could control."